# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| STREAM TV NETWORKS, INC., | : | Bankruptcy Case No. 21-10433 (KBO) |
| | : | BAP 21-00028 |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| | : | |
| STREAM TV NETWORKS, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-723-RGA |
| | : | |
| VISUAL TECHNOLOGIES, | : | |
| OFFICIAL COMMITTEE OF UNSECURED | : | |
| CREDITORS, THE UNITED STATES | : | |
| TRUSTEE, SEE CUBIC, INC., and | : | |
| SLS HOLDINGS VI, LLC, | : | |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **17th** day of **June, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would

not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Although no mediation or other ADR processes have occurred, only two out of the five (5) parties to this appeal believe mediation could result in a constructive resolution in this matter.  However, all have indicated that should the court direct mediation to be scheduled, they will mediate in good faith.

Another issue is whether VTI is a proper participant.  As to this issue, the parties agree that all parties' rights are expressly reserved as to any arguments related to whether any other party is a proper party to this appeal or has standing to participate in this appeal, including participation by submitting appellate briefs to this Court and submissions in any ordered mediation.  Further, without prejudice to any party's right to contest the propriety of a submission by VTI, should VTI submit a brief advocating anything other position than affirmance of the Bankruptcy Court's Order, it will file its brief on the same schedule as Appellant.

There are four (4) pleadings designated on the record on appeal, Record Nos. 23 through 26, which were filed by SeeCubic under seal.  The parties agree that these pleadings may be released to the District Court under seal.  Because this judge's involvement on Appeal relates solely to mandatory mediation, this issue needs to be addressed by Judge Richard G. Andrews, the District Court Judge assigned to this matter.

Regarding any briefing schedule, the parties request that the schedule below apply:

| | |
|---|---|
| Appellant's Opening Brief | 45 days after either the conclusion of mediation or the Court advises that mediation will not occur. |
| Appellees' Opening Brief | 45 days after the filing of Appellant's Brief |
| Appellant's Reply Brief | 21 days after the filing of the last of Appellees' briefs |

Because of the various issues involved and that the majority of the parties to this Appeal believe that the substantive issues posed on this Appeal are not amenable to mediation and wish to avoid the associated expenditure of time, energy and resources by this Court and the parties for mediation,

IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge